## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AARP**<br>    601 E Street, N.W.<br>    Washington, DC  20049,<br><br><br>                        Plaintiff,<br><br>    v.<br><br>**MICHAEL SYCLE**<br>    136 Golf View Boulevard<br>    Toms River, NJ 08753<br><br>                        Defendant. | **CASE NO.** _____<br><br><br>**COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN** |

Plaintiff AARP, for its Complaint against Defendant Michael Sycle, alleges as follows:

### THE PARTIES

1.      Plaintiff AARP is a nonprofit corporation organized and existing under the laws of the District of Columbia, having its principal place of business in Washington, DC.  For over 50 years, Plaintiff, through its licensees, offers a wide variety of products and services under the mark AARP, including insurance.

2.      Defendant Michael Sycle ("Defendant") is an insurance broker and operates under the name M&G Insurance Group, Inc.  Defendant resides in New Jersey.  Defendant does not sell AARP-branded insurance, but instead sells insurance policies written by a variety of Plaintiff's licensee's competitors.

### NATURE OF THE CASE

3.      Defendant is engaged in an elaborate online scheme to deceive seniors into believing that he sells insurance that is endorsed by AARP.  Through the use of unethical search engine optimization techniques, such as keyword stuffing, cloaking, linking schemes, as well as the unlawful use of Plaintiff's AARP Marks, Defendant promotes his website's ranking on various search engines and drives web traffic — people looking to purchase AARP-branded insurance — to Defendant's website and to his business, which do not sell AARP-branded

**COMPLAINT**

insurance.  Defendant then passes off his insurance policies as AARP-branded insurance policies.

## JURISDICTION AND VENUE

4.      This is an action for trademark counterfeiting, trademark infringement, unfair competition, false advertising and false designation of origin under the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq.* and District of Columbia law.

5.      This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6.      The Court has personal jurisdiction over Defendant.  Defendant solicits customers and transacts business in this district.  On information and belief, Defendant has sold insurance advertised under Plaintiff's mark AARP in this district and has distributed false advertising into this district.  Defendant's website **alifetimeinsurance.com**, which Defendant uses to advertise his insurance products and services, is made available to individuals in this district and invites visitors to call Defendant's toll-free telephone number to purchase insurance or to complete an application for insurance online.  Defendant knew that the effects of its actions that give rise to Plaintiff's claims will be experienced by Plaintiff within this district and aimed his illegal conduct at Plaintiff in this district, which is Plaintiff's primary place of business.  Venue is proper under 28 U.S.C. § 1391.

## PLAINTIFF AND ITS AARP MARKS

7.      Plaintiff is a nonprofit organization dedicated to promoting the interests of persons age 50 and over.

8.      With more than 37 million members, Plaintiff is among the largest social welfare organizations with a membership in the United States.  Approximately one third of the individuals in the United States age 50 or older are AARP members.  Plaintiff maintains offices in every state in the United States, including its headquarters in Washington, DC.

**COMPLAINT**

9.      For over 50 years, Plaintiff, through its licensees, has made available a wide variety of products and services under the mark AARP and formatives thereof (Plaintiff's "AARP Marks"), as well as a variety of insurance products, including life insurance and health insurance.

10.      Plaintiff's licensees have spent significant amounts of money in advertising and promoting insurance products and services under Plaintiff's AARP Marks, and Plaintiff has received substantial royalties from the use of its AARP Marks in connection with the sale of such products and services.  Many millions of people in the United States have purchased AARP-branded insurance.  Plaintiff has achieved a substantial and favorable reputation in connection with goods and services sold under its AARP Marks and did so long before the conduct complained of in this Complaint.

11.      Plaintiff owns numerous federally registered and common law trademarks for its AARP Marks for a wide variety of products and services, including insurance products and services.  E.g., U.S. Trademark Registration Nos. 1,046,998 (group health insurance services, retail and mail order pharmaceutical store services); 1,335,496 (administering group health insurance programs); 2,461,155 (retail and online store services for pharmaceutical products, information and administration services for group health insurance, educational programs concerning health and medicine); 3,493,206 (health counseling services, providing medical and health information); and 3,236,039 (health counseling services, providing medical and health information via telephone and websites).  Several of Plaintiff's registrations for its AARP Marks for insurance products and services have achieved "incontestable" status under the Lanham Act and thus are "conclusive evidence" of Complainant's "exclusive right" to use the mark AARP in United States commerce.  15 U.S.C. §§ 1065, 1115(b).

12.      As a result of the long, continuous and widespread use of Plaintiff's AARP Marks by Plaintiff and its licensees, these marks have achieved significant goodwill, wide-spread public recognition, and fame throughout the United States.

**COMPLAINT**

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

13.     Defendant is an insurance broker located in Pine Beach, New Jersey and owns and operates the website at **alifetimeinsurance.com**.  Defendant does not sell AARP-branded insurance.  Defendant sells insurance policies for various companies that directly compete with the AARP-branded insurance products, which are made available through specially selected service providers.  Defendant is not authorized to use Plaintiff's AARP Marks.

14.     Defendant's website at **alifetimeinsurance.com** offers to sell "AARP Life Insurance."  Defendant created and is using You Tube Videos, one of which has generated in excess of 65,000 views, which use Plaintiff's mark AARP LIFE INSURANCE and invite visitors to call Defendant's toll-free telephone number to purchase such insurance.  Defendant's You Tube Video also encourages consumers to contact Defendant to learn how to save "up to 40% off of AARP Life Insurance."

15.     Defendant uses "AARP" in his meta-tags on his website and uses the meta-description that "we provide the best AARP Life Insurance."  On information and belief, Defendant has posted stories on various blogs under the author name "Aprilove," among others, falsely advertising that Defendant offers AARP Life Insurance.

16.     Defendant advertises at various locations on the web: "AARP Life Insurance – 1-888-826-6021."  The telephone number 1-888-826-6021 is the toll-free telephone number of Defendant's business M&G Insurance Group, Inc.

17.     Plaintiff demanded Defendant to stop all use of AARP, but Defendant continues to engaged in the unauthorized and deceptive use of Plaintiff's mark in order to create the false impression that his company is selling AARP-branded insurance, including on YouTube and at various other locations on the internet.

18.     Defendant's use of AARP is likely to cause confusion, deception and mistake as to the affiliation, connection, association, origin, sponsorship or approval of Defendant's products, services and business activities.

**COMPLAINT**

19.     Defendant's actions are knowing, willful, and deliberate, and performed with the intent to trade off of Plaintiff's goodwill and reputation, and to confuse the public as to the source and affiliation of Defendant's goods, services and business activities.

20.     On account of Defendant's unlawful and deceptive use of Plaintiff's AARP Marks, Defendant boasts on his MySpace page that his website generated 300 leads per month for 20 months.

21.     On information and belief, Defendant has sold insurance to consumers under the false pretense that the insurance was endorsed by AARP.

22.     On information and belief, Defendant and certain of the insurance companies with which he is connected, have made substantial monies through Defendant's unauthorized and intentionally deceptive use of Plaintiff's AARP Marks.

23.     Defendant's unlawful conduct has caused and is continuing to cause irreparable injury to Plaintiff.

<u>COUNT I</u>
<b>TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. §§ 1114, 1125)</b>

24.     Plaintiff re-alleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

25.     Plaintiff owns numerous federally registered and common law marks for AARP and formatives thereof for a variety of goods and services, including insurance products and services.  E.g., U.S. Trademark Reg. Nos. 1,046,998; 1,335,496; 2,461,155; 3,493,206; and 3,229,121.

26.     Defendant is using in commerce marks identical and substantially identical to Plaintiff's federally registered AARP Marks to offer for sale and sell insurance products and services.

27.     Defendant's use of Plaintiff AARP's marks constitutes the knowing and willful use of a counterfeit mark, because Defendant is using Plaintiff's federally registered AARP

marks to sell the same products and services, i.e., insurance, that are identified in Plaintiff's trademark registrations.

28.     Defendant's unauthorized use of Plaintiff AARP's marks constitutes trademark counterfeiting, trademark infringement, unfair competition and false designation of origin, in violation of the federal Lanham Act, 15 U.S.C. §§ 1114 and 1125, because such conduct is likely to cause confusion, mistake or deception as to the source, origin, affiliation, connection or association of Defendant's products, services and business activities.  Consumers will falsely believe that the insurance being offered and sold by Defendant is endorsed by Plaintiff.

29.     Defendant's false and misleading statements about Plaintiff constitute false and misleading advertising because they misrepresent the quality, nature and characteristics of Defendant's products, services and business activities.  15 U.S.C. § 1125.  Defendant's false and misleading statements concerning Defendant's products, services and business activities were made in commerce and are material because they are likely to affect purchasing decisions.

30.     Defendant's wrongful conduct has deprived Plaintiff of its right to control the reputation and goodwill associated with Plaintiffs' AARP Marks.

31.     Plaintiff has suffered damages and Defendant has obtained profits and/or unjust enrichment as a result of Defendant's wrongful conduct.

32.     Defendant's acts irreparably injure Plaintiff's business, reputation and goodwill. Unless Defendant is enjoined from his wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

<u>COUNT II</u>
**TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER DISTRICT OF COLUMBIA LAW**

33.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

34.     Defendant's unauthorized use of Plaintiff's AARP Marks constitutes trademark infringement, unfair competition and false designation of origin in violation of District of

**COMPLAINT**

Columbia law because it is likely to cause confusion, mistake or deception as to the source, origin, affiliation, connection or association of Defendant's products, services and business activities. Consumers are likely to falsely believe that Defendant's products, services and business activities are approved, endorsed or sponsored by Plaintiff, or are otherwise affiliated or associated with Plaintiff.

35.     Defendant's wrongful conduct has deprived Plaintiff of its right to control the reputation and goodwill associated with Plaintiffs' AARP Marks.

36.     Plaintiff has suffered damages and Defendant has obtained profits and/or unjust enrichment as a result of Defendant's wrongful conduct.

37.     Defendant's acts irreparably injure Plaintiff's business, reputation and goodwill. Unless Defendant is enjoined from his wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the foregoing allegations, Plaintiff prays for judgment against Defendant as follows:

1.     That this Court enter judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

2.     That this Court issue a preliminary and permanent injunction:

    a.     enjoining Defendant, its employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, successors and assigns, and all those in active concert or participation with it or having knowledge of the causes of action, from using Plaintiff's AARP Marks, alone or in combination with any other word(s), term(s), designation(s), mark(s), and/or design(s), as well as all similar marks;

    b.     requiring Defendant to deliver up for destruction all literature, videos, signs, billboards, labels, prints, packages, wrappers, containers,

**COMPLAINT**

        advertising materials, stationery, and other items in its possession, custody or control that use Plaintiff's AARP Marks, pursuant to 15 U.S.C. § 1118;

c.     requiring Defendant to file with the Court and serve on Plaintiff, within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendant has complied with the Court's injunction; and

d.     requiring Defendant to stop all false and misleading statements about Defendant's products, services and business activities.

3.     That this Court grant monetary relief in the form of:

a.     an accounting to Plaintiff of any and all profits derived by Defendant from the acts complained of herein;

b.     Plaintiff's general, special and/or actual damages, along with any other damages allowable under 15 U.S.C. § 1117 and any other applicable statute or at common law, according to proof at trial;

c.     a trebling of the damages awarded to Plaintiff and an enhanced award of Defendant's profits to Plaintiff, as provided for by 15 U.S.C. §1117(a);

d.     Plaintiff's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and District of Columbia Law;

e.     Statutory damages in the amount of no less than $10,000,000 on account of Defendant's knowing use of Plaintiff's federally registered AARP Marks to sell insurance; and

e.     punitive or exemplary damages, as permitted by District of Columbia law.

4.     That this Court grant Plaintiff such other and further relief, in law or in equity, as it should deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

**COMPLAINT**

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

Dated: April 30, 2013          By:     /s/_____

John J. Dabney (D.C. Bar No. 480509)
Mary D. Hallerman (D.C. Bar. No. 1004505)
McDermott Will & Emery LLP
500 North Capitol Street
Washington, D.C.  20001
Telephone:     (202) 756-8000
Facsimile:     (202) 756-8087
E-mail:        jdabney@mwe.com;
               mhallerman@mwe.com

*Counsel for Plaintiff AARP*

DM_US 42440219-1.034247.0567

**COMPLAINT**

9